**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4227**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS JEROME JENKINS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:15-cr-00594-DCN-1)

Submitted: August 17, 2020                    Decided: September 15, 2020

Before NIEMEYER and MOTZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

Charles W. Cochran, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Jerome Jenkins appeals the district court's judgment revoking his supervised release and imposing a 12-month-and-1-day sentence, with no additional term of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in imposing the chosen sentence. Although advised of his right to file a supplemental pro se brief, Jenkins has not done so. We affirm.[*]

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable where, as here, "the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnote omitted); *see* 18 U.S.C. § 3583(e). A revocation sentence is substantively reasonable if the court states a proper

---

[*] Because the revocation judgment incorrectly reflects that Jenkins admitted guilt to a Class A violation that the Government did not pursue at the revocation hearing, we remand so that the district court may amend the judgment to reflect that Jenkins admitted only the Class C violations charged. *See* Fed. R. Crim. P. 36.

basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Slappy*, 872 F.3d at 207. We conclude that Jenkins' sentence is within both the statutory maximum and the policy statement range and is not unreasonable, plainly or otherwise.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. We remand the case so that the district court may amend the revocation judgment to correct the identified clerical error. This court requires that counsel inform Jenkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenkins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*